[J-2-2020][M.O. - Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| PATRICIA L. HAMMONS | : | No. 7 EAP 2019 |
| | : | |
| v. | : | Appeal from the Order of Superior Court |
| | : | entered on June 19, 2018 at No. 1526 |
| ETHICON, INC. AND JOHNSON & | : | EDA 2016 (reargument denied August |
| JOHNSON; GYNECARE; SECANT | : | 29, 2018) affirming the Judgment of the |
| MEDICAL; SECANT MEDICAL INC; | : | Court of Common Pleas, Philadelphia |
| PRODESCO, INC; AND SECANT | : | County, Civil Division entered on April |
| MEDICAL, LLC | : | 14, 2016 at No. 3913 May Term, 2013. |
| | : | |
| APPEAL OF: ETHICON, INC. AND | : | |
| JOHNSON & JOHNSON | : | ARGUED:  March 10, 2020 |

*DISSENTING OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  October 21, 2020**

Consistent with the dissenting opinion of Justice Sotomayor in *Bristol-Myers Squibb Company v. Superior Court of California*, ___ U.S. ___, 137 S. Ct. 1773 (2017), the majority appears to reason that material passages of the main opinion in that case are out of sync with the Supreme Court of the United States' own prior precedent.  *See* Majority Opinion, *slip op.* at 34-37; *see also Bristol-Myers*, ___ U.S. at ___, 137 S. Ct. at 1784-89 (Sotomayor, J., dissenting).  "[A]bsent further clarification," the majority chooses to downplay the eight-Justice majority holding of *Bristol-Myers*.  *Id.* at 36-37.

For my part, I believe that controlling precedent is to be discerned from developmental accretions in the decisional law, attributing due and substantial weight to pronouncements made in the most recent decision.  The fact that a single Justice has

found the majority's rationale to be flawed does not seem to me to be a proper basis to support a dilution of its precedential holding.

Here, the latest, controlling decision of the Supreme Court of the United States on the issue of specific jurisdiction indicates that an "adequate link" between a defendant's in-state conduct and a plaintiff's injury is needed to support specific jurisdiction. *Bristol-Myers,* ___ U.S. at ___, 137 S. Ct. at 1781. "What is needed," the Supreme Court has plainly specified, "is a connection between the forum and *the specific claims at issue.*" *Id.* (emphasis added).

Since the Supreme Court of the United States is the highest authority as concerns federal constitutional questions such as the present one, I am unable to join an opinion of a state court that does not abide by its latest pronouncement.